[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2007
THOMAS K. KAHN
CLERK

No. 06-16421
Non-Argument Calendar

————————

D. C. Docket No. 04-00057-CV-1-DHB

GREG COLLIER,

Plaintiff-Appellant,

versus

THE BOARD OF TAX ASSESSORS,
of Augusta-Richmond County, through its Chair
Burt Thomas, in his individual and official
capacities for the members of the Board,
E.W. REESE, individually and in his official
capacity as the Chief Appraiser, for the Property
Appraisal Office of the Board of Assessors for
Augusta-Richmond County, et al.,

Defendants-Appellees.

————————

Appeal from the United States District Court
for the Southern District of Georgia

————————

(June 14, 2007)

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's grant of summary judgment in favor of the defendants in appellant Greg Collier's ("Collier") claim for a violation of free speech.

This court reviews a "grant of summary judgment *de novo*, drawing all [reasonable] inferences in favor of the non-moving party." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1269 (11th Cir. 2006). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

After reviewing the record and reading the parties' briefs, we conclude that there is no merit to any of the arguments Collier makes in this appeal. We agree with the defendants that the speech which Collier alleges caused his termination was made pursuant to his employment position, and related to his employment, official duties, and was a not a matter of public concern. *See Garcetti v. Ceballos*, 547 U.S. ___, 126 S. Ct. 1951, 1959-60 (2006); *Battle v. Bd. of Regents for Ga.*, 468 F.3d 755, 760 (11th Cir. 2006); *Vila v. Padron*, ___ F.3d ___, No. 05-13776 (11th Cir. Apr. 20, 2007).

2

We also agree with the defendants that summary judgment was properly entered in favor of Augusta-Richmond County ("Augusta") because there is no evidence that Augusta maintained a policy that caused a constitutional violation.

Moreover, we agree with the district court's grant of summary judgment in favor of the defendants on Collier's due process claims because Collier was not deprived of any life, liberty or property interests in continuing employment with Augusta. In fact, Collier did not have an employment agreement with Augusta.

Finally, we agree with the district court's grant of summary judgment in favor of defendants Byrd-Pelaez, McCauley, Oglesby, Reese, and the Board of Assessors on Collier's equal protection claims because Collier failed to present any evidence that he was treated differently from other employees because of a discriminatory reason. The Supreme Court has held that a plaintiff must demonstrate discriminatory intent to establish a § 1983 case based upon a violation of the Equal Protection Clause. *Personnel Adm'r v. Feeney*, 442 U.S. 256, 272, 99 S. Ct. 2282 (1979). Collier fails to establish here that the defendants acted with discriminatory intent or purpose. The record demonstrates that Collier was terminated for issues related to his performance, as well as his poor attitude and because he was disruptive to the office and did not fit into the organization. Because Collier cannot establish a violation of equal protection principles, we

3

conclude that the district court properly granted summary judgment in the defendants' favor on this claim.

Because we see no merit to any of the arguments Collier makes in this appeal, we affirm the district court's grant of summary judgment in all respects.

**AFFIRMED.**